UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

AERO TECH, INC.,

    Plaintiff,

v.                                                                                                                        Civ. No. 22-476 WJ/GJF

GREAT AMERICAN INSURANCE
COMPANY dba GREAT AMERICAN
INSURANCE GROUP and GREAT
AMERICAN INSURANCE AGENCY,
INC. and GEORGE'S AIRCRAFT REPAIR,
LLC,

    Defendants.

## TEMPORARY PROTECTIVE ORDER

THIS MATTER is before the Court on Defendant Great American Insurance Company's Motion for Protective Order. ECF 20. The Motion requests the following:

> to keep the amount of the settlement memorialized in the Settlement Agreement [ECF 21-1 at ¶ 1] (the "Settlement Amount") confidential at this time, and . . . that any version of the Settlement Agreement [ECF 21-1 at 18–23] filed with the Court redact that limited information, subject to further review if/when the Settlement Amount becomes central to the issues in controversy in this litigation.

*Id.* at 2.[1] Plaintiff Aero Tech "does not oppose the sealing of the number" and suggested "a few conditions which it respectfully submits are reasonable." Resp. [ECF 22] at 1, 4–6. Great American submitted a brief Reply, suggesting two minor improvements to these conditions (and objecting to one condition). *See* ECF 29 at 2–3.

The Court finds the Motion to be well taken and therefore **GRANTS** it, subject to the

---

[1] *See also id.* at 2 (further stating that Great American neither "requir[es] the Complaint to be kept under seal" nor "request[s] that the entire Settlement Agreement be filed under seal"); 5 (representing that "If/when the Settlement Amount becomes central to any issue to be adjudicated in this action, which . . . is possible, Great American understands that it would have to satisfy a significantly higher burden to maintain its confidentiality").

conditions set forth below—conditions that incorporate Great West's initial suggestions and Aero Tech's two suggested improvements (but not its objection). *See infra* n.2–3 (discussing the suggested improvements), 4 (discussing the objection).

**IT IS THEREFORE ORDERED** that the Settlement Amount shall temporarily remain confidential, subject to the following conditions:

(1) Any party may publicly file a copy of the Settlement Agreement so long as just the Settlement Amount is redacted, *see*, *e.g.*, ECF 21-1 at 18–23 (publicly filed Settlement Agreement with appropriate redactions);

(2) Defendant George's Aircraft & Repair, LLC may retain the *unredacted* copy of the Settlement Agreement, an arrangement to which Great American previously consented;

(3) An *unredacted* copy of the Settlement Agreement can be used by all parties at the depositions of any party's employees and, while the deposition transcript of such employees may be publicly filed, the text in any transcript that identifies the Settlement Amount shall be redacted;[2]

(4) This Temporary Protective Order shall remain in place until (1) the parties agree that, in light of the Settlement Amount's relevance to issues in dispute, the protective order should be lifted or modified; (2) a party files a motion to lift or modify this Temporary Protective Order and such a motion is granted by the Court; or (3) the Court otherwise enters a pre-trial or other order that lifts or modifies the Temporary Protective Order.[3]

(5) This Temporary Protective Order applies only to this instant case.[4] Nevertheless, if during this litigation Aero Tech wishes to disclose the Settlement Amount in a forum outside of this litigation, Aero Tech shall provide Great American reasonable advance notice of (and a reasonable opportunity to

---

[2] This condition slightly modifies the substance of Aero Tech's proposed condition to address Great West's request that "it apply to the deposition of <u>any party's</u> employee" (and not just Defendants' employees). Reply at 2. Furthermore, "the Settlement Amount and any deposition testimony relating to it [are] deemed confidential without the need for Great American to file motions to seal for each deposition." *Id.*

[3] This condition slightly modifies the language of Aero Tech's proposed condition to help clarify that the Settlement Amount will indeed "remains confidential [and protected] until either the Court or the parties agree that protection no longer is necessary." Reply at 2.

[4] Great American objects to having this Temporary Protective Order apply only to this instant lawsuit and asks the Court to declare that it applies "in all forms" (e.g., a "Texas Court if George's prevails on its motion to dismiss" (quotation and alterations omitted)). Reply at 2–3. But because Great American presents this Court with no authority explaining how it can deem something confidential and protected in a forum over which it lacks any jurisdiction or authority, the Court denies this request.

contest in the appropriate forum) Aero Tech's proposed course of action.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint [ECF 1] shall be **UNSEALED**.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE