**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

AERO TECH, INC.,

    Plaintiff,

v.                                                                               Civ. No. 22-476 WJ/GJF

GREAT AMERICAN INSURANCE
COMPANY and GEORGE'S AIRCRAFT
REPAIR,

    Defendants.

**ORDER DENYING DEFENDANTS' MOTIONS TO STAY**

THIS MATTER is before the Court on (1) Defendant George's Aircraft Repair, LLC's Motion to Stay Discovery Pending Resolution of Its Motion to Dismiss for Lack of Personal Jurisdiction [ECF 34] ("George's Motion") and (2) Defendant Great American Insurance Company's Conditional Motion to Stay Discovery if and to the Extent George's Motion to Stay is Granted [ECF 36] ("Great American's Motion"). For the reasons articulated by the Court during the hearing, *see* ECF 40 (clerk's minutes), the Court finds and concludes that George's has not sufficiently shown that it will be unfairly prejudiced by the commencement of written discovery in this case. The Court will therefore **DENY** George's Motion. Consequently, the Court will also **DENY** Great American's Motion **AS MOOT**.[1]

Plaintiff has vowed in its briefing and again in open court that if it does not prevail on the pending Motion to Dismiss [ECF 10], Plaintiff will refile its complaint against Defendant George's in the Northern District of Texas. This sequence *guarantees* that the litigation against Defendant George's will continue and that it eventually will incur the same litigation cost, albeit in a different

---

[1] Unlike George's Motion, which is fully briefed, *see* ECFs 37 (response), 38 (reply), no further briefing is required on Great American's (now-moot) Motion.

district. Although there is some risk that Defendant George's will incur an unknown increment of additional expense, particularly if it chooses to retain different counsel to represent it in the Northern District of Texas, the Court does not view the additional expense to be substantial. Furthermore, Defendant George's represented to the Court at the end of the hearing that it too intends to begin offensive discovery if its requested stay is denied. The choice to begin offensive discovery—rather than merely respond to the discovery propounded by other litigants—is entirely voluntary and demonstrates that Defendant George's is financially resourced well enough to litigate this case in this District unless and until it moves elsewhere.

The Court accepts Plaintiff's representation that—if the claims against Defendant George's are transferred to or refiled in the Northern District of Texas—Plaintiff will not engage in written discovery duplicative to that which it has completed in this District, *unless* Defendant George's were to object in the Northern District of Texas to the admissibility of any discovery obtained while the case was still pending in this District. This commitment is an additional cost-containment measure that buttresses the Court's decision to deny the stay and permit written discovery.[2]

**IT IS THEREFORE ORDERED** that George's Motion [ECF 34] is **DENIED**.

**IT IS FURTHER ORDERED** that Great American's Motion [ECF 36] is **DENIED AS MOOT**.

---

[2] Great American's Motion only requests that discovery either be stayed as to all litigants or permitted as to all litigants. Because the Court is permitting written discovery by and between all litigants, the Court will deny Great American's Motion as well.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE